UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JASON A. MICCICHE, STEPHEN MICCICHE, CRYSTAL M. MICCICHE, TRISIA N. MICCICHE, AS HEIRS TO THE ESTATE OF IRENE T. MICCICHE;<br><br>*Plaintiffs*,<br><br>v.<br><br>NEW HORIZON MORTGAGE INC., PNC BANK, NATIONAL ASSOCIATION, SUBSTITUTE TRUSTEES,<br><br>*Defendants*. | Civil Action No. SA-23-CV-00495-XR |

## ORDER

On this date, the Court considered Defendant PNC Bank, National Association's motion to dismiss (ECF No. 6) and Plaintiffs' response (ECF No. 7), as well as the arguments made in open court on June 27, 2023. As ordered in open court on June 27, 2023, Defendant's motion to dismiss is **GRANTED**.

## BACKGROUND

Plaintiffs Jason Micciche, Stephen Micciche, Chrystal Micciche, and Trisia Micciche, as heirs to the Estate of Irene Micciche, brought suit against PNC Bank, National Association ("PNC"), New Horizon Mortgage Inc. ("New Horizon"), and 31 substitute trustees, for claims arising from the attempted foreclosure of a mortgage lien on the real property located at 2431 Irwin Drive, San Antonio, Texas 78222 (the "Property"). The Property was formerly owned by Irene Micciche. One or more of the Plaintiffs use the Property as a residence. ECF No. 1-3 (Complaint) ¶ 7.

PNC is the current mortgagee of the Deed of Trust encumbering the property. On May 5, 2022, PNC mailed letters to Gilbert Micciche and Irene Micciche advising that a payment default existed and providing an opportunity to cure. *See* ECF Nos. 6-7, 6-8.[1]

On January 24, 2023, PNC, now aware of Irene Micciche's death and acting through its attorney, mailed letters to Gilbert Micciche, Irene Micciche, Crystal Micciche, Jenevieve Micciche, Trisia Micciche, Jason Micciche, and Stephen Micciche, advising that the loan's maturity was being accelerated and providing notice that a foreclosure sale was scheduled for April 4, 2023. The letters were addressed to the recipients at the Property address and mailed by First-Class U.S. Mail and by certified mail, return receipt requested. *See* ECF No. 6-9.

Plaintiffs allege that they did not receive notice of the default or acceleration, and that they are entitled to such notice under the Texas Property Code as heirs of Irene Micciche. In addition to their allegations of notice deficiencies in violation of the Texas Property Code and the Deed of Trust, Plaintiffs bring claims for trespass to chattel and conversion.[2]

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to

---

[1] Defendant's motion to dismiss includes nine attached exhibits (detailing the Note, Deed of Trust, and various mailed notices). In general, a court addressing a motion under Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citation omitted). But when a pleading references documents that are central to a claim, the Court may consider such documents if attached to the motion to dismiss. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). "A document is central to a claim when it is 'necessary to establish an element' of the claim." *Pylant v. Cuba*, No. 3:14-CV-0745-P, 2015 WL 12753669, at *2 (N.D. Tex. Mar. 6, 2015) (quoting *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011)). However, "if the operative pleading references a document that 'is merely evidence of an element' of a claim, the courts do not incorporate it into the pleading." *Id.* (same). Because Plaintiffs' complaint references these documents, the Court finds it proper to consider the attached exhibits without converting the pending motion to dismiss into a motion for summary judgment.

[2] Parties advised the Court on June 27, 2023 that no judicial foreclosure has taken place.

dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences

3

favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions").

## II. Analysis

### A. Notice of the Default or the Acceleration

As discussed in open court on June 27, 2023, Plaintiffs' claims regarding deficient notice are dismissed. First, the Deed of Trust's only notice requirement is that the lender must give notice of the foreclosure sale to borrowers. *See* 6-2 §§ 13, 18. (Deed of Trust). The Texas Property Code also imposes notice requirements. In relevant part, the Property Code provides:

> (b) Except as provided by Subsection (b-1), notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by:
>    (1) posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold;
>    (2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and
>    (3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.
>
> [. . .]
>
> (d) Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b).

TEX. PROP. CODE § 51.002(b), (d). The Property Code requires notice to borrowers of any foreclosure sales, in addition to imposing notice requirements to debtors in default.

Defendant contends, and the Court agrees, that the Notice of Default letters were dated May 5, 2022 and mailed to the borrowers at the Property address. *See* ECF Nos. 6-7, 6-8.

4

Defendant thereafter mailed Notice of Acceleration and Notice of Sale letters to the borrowers on January 24, 2023. *See* ECF No. 6-9.

Defendant also contends, and the Court again agrees, that the Deed of Trust and Texas Property Code require that certain notices be sent to people that are responsible for paying the indebtedness. Plaintiffs are not legally responsible for paying the indebtedness and are not legally entitled to notice under the Deed of Trust and Property Code.[3] Plaintiffs' claims must therefore be dismissed.

### B.  Trespass to Chattel and Conversion

As discussed in open court on June 27, 2023, Plaintiffs' claims for both trespass to chattel and conversion fail as a matter of law and must be dismissed.

First, to state a claim for trespass to real property in Texas, a plaintiff must allege that there was entry by the defendant onto the plaintiff's land. *See, e.g.*, *Railroad Comm'n v. Manziel*, 361 S.W.2d 560, 567 (Tex. 1962) (a claim for trespass to real property consists of (1) plaintiff owing or having a lawful right to possession of real property, (2) defendant's entry onto plaintiff's land that was (a) physical, (b) intentional, and (c) voluntary, and (3) injury to plaintiff's right of possession cause by defendant's trespass.). Because Plaintiffs' pleadings identify no physical entry onto the property, this claim must be dismissed.

Second, to state a claim for conversion in Texas, one of the required elements is that the property be personal property. *See, e.g.*, *Green Int'l. v. Solis*, 951 S.W. 384, 391 (Tex. 1997) (conversion in Texas requires: (1) a plaintiff owning, or possession, or having the right to immediate possession of property, (2) the property was personal property, (3) the defendant wrongfully exercising dominion or control over the property, and (4) the plaintiffs suffering

---

[3] Counsel for Plaintiffs acknowledged in open court on June 27, 2023 that no probate proceedings have taken place.

injury). Because real property cannot be converted under Texas law, and because Plaintiffs have identified no converted personal property in their pleadings, this claim is also dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 6) is **GRANTED** and Plaintiffs' claims are **DISMISSED**. A final judgment pursuant to Rule 58 will follow.

Plaintiffs' counsel is **DIRECTED** to provide Plaintiffs with a copy of this Order.

It is so **ORDERED**.

**SIGNED** July 5, 2023.

                                              XAVIER RODRIGUEZ
                                              UNITED STATES DISTRICT JUDGE